UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Isaac Murray**, and | ) C/A No. 3:05-341-10BC |
| Patients of Lodge A, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Bruce Cannon; | ) |
| Dr. NFN Kim; | ) |
| Dr. NFN Sailor; | ) |
| Psychologist NFN Earl; | ) |
| Lawyer Court Sent; | ) |
| Doe's of Richland County Probate Court; | ) |
| Judge NFN Moody; and | ) |
| Employee of Lodge A, | ) |
| | ) |
| Defendant(s). | ) |

_____

## <u>INTRODUCTION</u>

This is a civil action filed by a private citizen *pro se.*[1]   Plaintiff Murray is apparently an

involuntary patient at Bryan Psychiatric Center in Columbia, South Carolina.   He has filed this

Complaint on his own behalf, and, allegedly, on behalf other "patients of Lodge A" at the same

center.[2]   In his Complaint, Plaintiff states that the medical doctors and the psychologist who are

treating him have wrongfully placed him on medication even though he claims that he does not need

the medication.   Plaintiff also claims that he has been treated improperly by unknown employees

_____

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e)(2); <u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

[2] As a *pro se* litigant, Plaintiff cannot represent other individuals in this case.  *See* <u>Klocek v. Gateway, Inc.</u>, 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000); <u>Allnew v. City of Duluth</u>, 983 F. Supp. 825, 830 (D. Minn. 1997).  Accordingly, "Patients of Lodge A" are not proper co-plaintiffs in this case.

of the Richland County Probate Court, a Richland County judge, and an unnamed lawyer who Plaintiff claims was sent to the psychiatric center by the Probate Court. Finally, Plaintiff claims that a person named Bruce Cannon wrongfully "took out a partition against me." Complaint, at 3.

Plaintiff does not cite to or refer to any federal statute or constitutional provision allegedly violated by any of the Defendants, nor does he claim that any of the Defendants are state actors. Although Plaintiff does not give complete addresses for every Defendant, it appears that most, if not all, Defendants live and/or work in the State of South Carolina, as does Plaintiff.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U. S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* Complaints liberally. Such *pro se* Complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a Complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* Complaint, Plaintiff's allegations are assumed to be true. *See* Fine v. City of

2

New York, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[3]  Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal without issuance of service of process for any Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, 147 F.3d at 352; *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

---

[3]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the  Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  Pinkley, Inc., 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *See* Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  Id.   Although the Complaint has many allegations, in light of the following analysis, there is no factual or legal basis for this Court to exercise its limited jurisdiction in this case.

## NO DIVERSITY JURISDICTION

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

> (1) citizens of different States[.]

4

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *See* <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-74 & nn. 13-16 (1978).  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff in his Complaint, it appears that Plaintiff and all Defendants are residents of South Carolina.   Since there is no diversity of citizenship among the parties, it does not matter whether or not Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case.

The bulk of Plaintiff's allegations appear to raise claims that arise only under state law, such as medical and/or legal malpractice, and false imprisonment.   In the absence of diversity of citizenship jurisdiction, these types of claims fall outside the limited jurisdiction of this Court.  *See* <u>Cianbro Corporation v. Jeffcoat and Martin</u>, 804 F. Supp. 784, 788-91 (D.S.C. 1992).   Although federal courts have discretion to decide pendent state law claims *if* the federal and state claims arise out of a common nucleus of operative fact, "[i]f the federal claims are dismissed before trial ... the state claim[s] should be dismissed as well." <u>Webb v. McCullough</u>, 828 F.2d 1151, 1160 (6th Cir. 1987).  *See* <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715  (1966).   Because, as stated below, Plaintiff fails to state a viable claim cognizable under this Court's federal question jurisdiction against any Defendant, the Court should dismiss all the state law claims without prejudice so that Plaintiff may pursue his remedies in an appropriate state forum should he choose to do so.

<u>**NO FEDERAL QUESTION JURISDICTION**</u>

Second, the essential allegations of the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That

is, the Complaint does not state a claim against any Defendant cognizable under this Court's "federal question" jurisdiction. Even though the Complaint could be very liberally construed as one alleging that some of Plaintiff's federal constitutional rights were violated by proceedings in an involuntary commitment procedure in the probate court for Richland County,[4] this Court is not bound by such allegations and is entitled to disregard them if the facts do not support Plaintiff's contentions or if claims based on such allegations are legally barred. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *See* Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); *cf.* Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Plaintiff's liberally construed claims of constitutional violations by state court and medical

---

[4]There was, apparently, a court case opened in Richland County Probate Court in connection with Plaintiff's involuntary commitment; however, due to privacy concerns, such case records (even including the case numbers) are not available to the public. Plaintiff has not provided any type of detailed information about the probate court action, other than to vaguely claim that proper procedures were not followed in his opinion. As a result, the undersigned must presume that the type of court proceedings contemplated under the applicable State of South Carolina statutes, *see* S.C. Code Ann § §44-17-410-460 (1976)(involuntary commitment process), were conducted in Richland County and that the probate court found that Plaintiff had been properly committed.

personnel, if otherwise legally cognizable, arguably fall within this Court's federal question jurisdiction under 42 U.S.C. § 1983.[5]  As previously noted, however, Plaintiff does not cite to this federal statute or any other federal law in his Complaint.  In any event, assuming *arguendo* that Plaintiff's allegations are sufficient to permit this Court to exercise its federal question jurisdiction pursuant to 42 U.S.C. § 1983 in this case, the Complaint is subject to summary dismissal under the Rooker/Feldman doctrine.

### A.  ROOKER-FELDMAN DOCTRINE

Plaintiff's claims under section 1983 are subject to summary dismissal because, under the Rooker-Feldman Doctrine, this Court is without jurisdiction to consider them.  This is true because a ruling in favor of Plaintiff on any claim of constitutional violations arising from his involuntary commitment for mental health care would necessarily require this Court to review and possibly overturn legal rulings made in the Richland County probate court.  *See* Shooting Point, L.L.C. v. Cumming, 368 F.3d F.3d 379, 382-84 (4th Cir. 2004);  Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir.1997);  *see also* Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998); Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir. 1998); Moccio v. N. Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996).

The proceedings and rulings made in the Probate Court of Richland County cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case.  *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)( a federal

---

[5]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[6] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine.  *See*, *e.g.*, Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991). Because the Rooker-Feldman Doctrine is jurisdictional it may be raised by the Court *sua sponte*.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The Rooker-Feldman Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as those arguably contained in Plaintiff's liberally Complaint in this case.  *See* Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D. Iowa 1989).  The doctrine also applies even if the state court litigation has not reached a state's highest court.  *See*  Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., 797 F.2d 176, 178 (4th Cir. 1986).

In the recent case of Shooting Point, L.L.C. v. Cumming, the Fourth Circuit stated,

> The *Rooker-Feldman* doctrine precludes federal "review of adjudications of the state's highest court [and] also the decisions of its lower courts." *Jordahl v. Democratic Party,* 122 F.3d 192, 199 (4th Cir.1997).  The *Rooker-Feldman* bar extends not only to issues actually decided by a state

---

[6]Appeals of orders issued by lower state courts must go to a higher state court.  Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal.  28 U.S.C. § 1257.  In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors.  *E.g.* , Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1991).

court but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler,* 129 F.3d at 731 (internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* (internal quotation marks omitted).

Under either the "actually decided" or the "inextricably intertwined"prong, the principle is the same: '[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 199 (4th Cir.2000) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)). Thus, "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated." *Jordahl,* 122 F.3d at 202 (internal punctuation omitted) (quoting *Ernst v. Child and Youth Servs.,* 108 F.3d 486, 491 (3d Cir.1997)). Because federal jurisdiction to review the decisions of state courts "is reserved exclusively to the Supreme Court, it is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Ernst,* 108 F.3d at 491.

Shooting Point, L.L.C. v. Cumming, 368 F.3d at 382-84.

Plaintiff's submission of the Complaint in this case, arguably claiming a right to compensatory damages and injunctive relief for federal constitutional violations by various court personnel, legal counsel, possible opposing parties in litigation, and medical personnel, does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place in connection with an involuntary commitment action in the Probate Court of Richland County. *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986)(principles barring review by federal district courts of state court decisions are not limited to

actions which "candidly seek review" of the state court decree, but extend to other actions where constitutional claims are inextricably intertwined with the state court's grant or denial of relief); *see also*  Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases); Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981); Kansas Ass'n of Public Employees v. Kansas, 737 F. Supp. 1153, 1154 (D. Kan. 1990); Fuller v. Harding, 699 F. Supp. 64, 66-67 (E.D. Pa. 1988). Since the allegations of wrongdoing against all of the Defendants arising from Plaintiff's involuntary commitment for mental health care are "inextricably intertwined with the state [probate] court's grant or denial of relief," the Rooker-Feldman Doctrine precludes this Court's consideration of those issues. *See*  Leonard v. Suthard, 927 F.2d 168, 169-70 (4th Cir.1991).

## B. OTHER REASONS FOR SUMMARY DISMISSAL

Furthermore, even if Rooker-Feldman did not completely remove Plaintiff's section 1983 claims from the jurisdiction of this Court, there are other reasons why many of those claims against many of the Defendants would still not be viable in this Court.  For example, any claim of constitutional violation by Judge NFN Moody in connection with his rulings or other judicial performance in the Richland County probate action resulting in Plaintiff's involuntary commitment is barred under the doctrine of judicial immunity. *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also* Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to

10

reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

The same result is required as to any claim against "Doe's of Richland County Probate Court," assuming that Plaintiff is referring to employees of the Richland County Clerk of Courts' office. County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended). In this case, Defendant "Doe's of Richland County Probate Court," are entitled to quasi-judicial immunity. Plaintiff's allegations, at most, show that this Defendant was following rules of the probate court, or was acting pursuant to authority delegated by that court, when making decisions and determinations in connection with Plaintiff's involuntary commitment case. *See* Cook v. Smith, 812 F. Supp. 561, 562 (E.D. Pa. 1993); Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989); *see also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Additionally, in order to state a claim for alleged constitutional violations under 42 U.S.C. § 1983, Plaintiff must show that the Defendant sued for such violations was a "person" who could,

and did, act under color of state law.  *See* 42 U.S.C. § 1983; <u>Monroe v. Page</u>, 365 U.S. 167 (1961);

*see generally*  5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1230

(2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant

in a section 1983 action must qualify as a "person."  Based on these authorities, it is clear that

neither Defendant Bruce Cannon nor "Lawyer Court Sent" are properly sued under 42 U.S.C. § 1983

because there are no allegations in the Complaint from which it could be determined whether or not

these Defendants could be considered "state actors" in connection with Plaintiff's  involuntary

commitment process.  Plaintiff's allegations about these Defendants are very vague, but, assuming

that "Lawyer Court Sent" was acting, in effect, as a public defender on Plaintiff's behalf in the

probate court action, this lawyer would not be considered a "state actor" in connection with the

commitment process.  An attorney, whether retained, court-appointed, or a public defender, does not

act under color of state law, which is a jurisdictional prerequisite for any civil action brought under

42 U.S.C. § 1983.  *See* <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976)(private attorney); <u>Hall v. Quillen</u>,

631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-

appointed attorney); <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-24 & nn. 8-16 (1981)(public

defender).

     With respect to Defendant Cannon, Plaintiff's allegations against him are totally inadequate

to state a claim under 42 U.S.C. § 1983 because there is nothing in the Complaint from which it

could be concluded that this Defendant in any way acted under color of state law when he "took out

a partition against [Plaintiff]."  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff

must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under

color of state law.  *See* <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  Since there are no such

allegations against either Defendant Cannon or Lawyer Court Sent in Plaintiff's Complaint, there

is certainly no viable section 1983 claim stated against either of these Defendants.

Finally, none of Plaintiff's claims sounding in medical malpractice against the various

medical personnel who have examined, treated, or otherwise cared for him in connection with his

involuntary commitment are sufficient to state a claim under section 1983.   Negligent or incorrect

medical treatment is not actionable under 42 U.S.C. § 1983.  *See* Estelle v. Gamble, 429 U.S. at 106.

Negligence, in general, is not actionable under 42 U.S.C. § 1983.  *See* Daniels v. Williams, 474 U.S.

327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon,

825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels

v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action

under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for

violations of duties of care arising under state law.  DeShaney v. Winnebago County Dep't of Social

Servs., 489 U.S. 189, 200-03 (1989).  Although claims of negligence and medical malpractice are

actionable under South Carolina law, *see* Roberts v. Hunter, 426 S.E.2d 797, 799-800 (S.C. 1993),

as previously stated,  such claims could only be considered by this Court only under its diversity or

pendent jurisdiction, which are clearly not available in this case.   Although federal court is not a

correct forum for Plaintiff's claims, he can seek relief for medical malpractice or negligent medical

treatment by state agencies, employees, or agents of the state under the South Carolina Tort Claims

Act.  *See* S.C. Code Ann. § § 15-78-10 *et seq.*[7]

## **Recommendation**

---

[7] Since  state courts may consider federal constitutional claims under section 1983, there should be no reason
why Plaintiff could not litigate any such claims he might have against any of the defendants in any state tort action he
might choose to pursue.  *See* Long v District of Columbia , 469 F.2d 927, 937 (D.C. Cir. 1972)(state and federal courts
have concurrent jurisdiction under section 1983).

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); <u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).  *Cf.* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review *pro se* cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

March 1, 2005                                          s/Joseph R. McCrory
Columbia, South Carolina                    United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992);  Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
