IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Murray, and , <br> Patients of Lodge A, <br><br>            Plaintiff, <br><br> -vs- <br><br> BRUCE CANNON; <br> DR. NFN KIM; <br> DR. NFN SAILOR; <br> PSYCHOLOGIST NFN EARL; <br> LAWYER COURT SENT; <br> DOC'S OF RICHLAND COUNTY <br> PROBATE COURT; <br> JUDGE NFN MOODY; AND <br> EMPLOYEE OF LODGE A, <br><br>           Defendants. | CIVIL ACTION NO. 3:05-341-10BC <br><br> <u>O R D E R</u> |

The underlying civil action was commenced *pro se* by the plaintiff Isaac Murray who is apparently an involuntary patient at Bryan Psychiatric Center in Columbia, South Carolina. He has filed the action on his own behalf and on behalf of other "patients of Lodge A". The plaintiff alleges *inter alia* that the medical doctors and psychologist who are treating him have wrongfully placed him on medication and that he has been treated improperly by unknown employees of the Richland County Probate Court, a Richland County judge, and an unnamed lawyer who plaintiff contends was sent to the psychiatric center by the Probate Court. Plaintiff also asserts that Bruce Cannon wrongfully "took out a partition against me." The plaintiff

seeks no specific relief.

Pursuant to the Local Rules of this Court, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for review. In his report, the Magistrate Judge recommends that the Court dismiss this action due to the plaintiff's failure to state a cause of action upon which this court can grant relief. The plaintiff has not objected to the recommendation.

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>Matthews v. Weber</u>, 423 U.S. 261 (1976). The Court is charged with making a <u>de novo</u> determination of those portions of the report and recommendation to which specific objection is made 28 U.S.C. §636(b)(1)(C). However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the recommendation to which no objections are addressed. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). In the instant action, the plaintiff has not objected to the Magistrate Judge's recommendation.

The Court is aware that the plaintiff is *pro se* and has carefully reviewed the plaintiff's complaint. Upon review, the Court finds no basis upon which this court can exercise jurisdiction over the allegations set forth in plaintiff's complaint. Accordingly, the Court is on the opinion that the Magistrate Judge's recommendation should be approved. For the reasons set forth in the Report and Recommendation of the Magistrate Judge, this action is

**hereby DISMISSED.**

      **IT IS SO ORDERED.**

                                                **s/MATTHEW J. PERRY, JR.**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina,**
**July 18, 2005.**